BERNARD SCHWARTZ, an Infant, by DAVID SCHWARTZ, His Guardian ad Litem, and DAVID SCHWARTZ, Respondents, v. MEROLA BROS. CONSTRUCTION CORP., CERUSSI MARBLE & TILE COMPANY, INC., and NEW DEAL TERRAZZO COMPANY, INC., Appellants, Respondents, Impleaded with BANK FOR SAVINGS IN THE CITY OF NEW YORK, Appellant.

First Department, April 10, 1942.

*John A. Gleason* of counsel [*George J. Stacy* with him on the brief, attorney], for the appellant, respondent, Merola Bros. Construction Corp.

*Olin S. Nye* of counsel [*Malcolm G. Bibby* with him on the brief; *Reginald V. Spell*, attorney], for the appellant, respondent, Cerussi Marble & Tile Company, Inc.

*Edwin I. Becker*, for the appellant, respondent, New Deal Terrazzo Company, Inc.

*Ralph H. Terhune* of counsel [*E. C. Sherwood*, attorney], for the appellant, Bank for Savings in the City of New York.

*Adolph S. Ziegler* of counsel [*Harry H. Lipsig* with him on the brief; *Albert Lee Singer*, attorney], for the respondents.

CALLAHAN, J. The infant plaintiff has recovered a judgment against all the defendants for personal injuries received on August 18, 1936, when certain bags containing pebbles, which had been piled on the sidewalk in front of premises 318–322 East Eighty-third street, New York city, fell upon him. His father, plaintiff David Schwartz, has obtained a judgment against all the defendants for loss of services.

The premises referred to were owned by the defendant Bank for Savings in the City of New York (hereinafter referred to as the bank), and were undergoing alterations under a contract between the bank and defendant Merola Bros. Construction Corp. (hereinafter referred to as Merola), as general contractor. Merola had subcontracted certain tile and other work, including terrazzo work, to Cerussi Marble & Tile Company, Inc. (hereinafter referred to as Cerussi). Cerussi, in turn, had subcontracted the terrazzo work to New Deal Terrazzo Company, Inc. (hereinafter referred to as New Deal).

In addition to plaintiffs' claim against the various defendants, there were cross-claims for liability over by the defendant bank against Merola, Cerussi and New Deal, and a further cross-claim by Cerussi against New Deal.

Plaintiffs' judgment was based upon a verdict of the jury which stated in its finding that all four defendants were equally guilty of negligence. The trial court, in submitting the issues to the jury, directed that, in the event of a verdict for the plaintiffs, the jury should state which of the defendants it found negligent, but it gave no direction to the jury to determine the quality or degree of negligence as among the various defendants.

After the jury had rendered its verdict, the trial court directed a further verdict dismissing all cross-claims, stating that it did so because the jury's verdict had established that all defendants were negligent, and, therefore, none of them might recover over on its cross-claim.

This appeal presents two general questions: The first involving the propriety of plaintiffs' recovery against defendants, and the second the propriety of the court's ruling on the cross-claims.

In submitting the case to the jury, the trial court made statements which, in effect, advised the jury that the work contracted for involved the placing of materials on the sidewalk, and that such work was inherently dangerous. It also advised the jury, however, that plaintiffs might not recover against any of the defendants unless it was established that such defendant had notice of the dangerous condition and an opportunity to correct it. While we think that the statements of the trial court that the contract which was let by the bank involved placing of materials on the sidewalk and that such work was inherently dangerous, were erroneous, we think that, taking the charge as a whole, it was not so prejudicial to the rights of any of the defendants in so far as the plaintiffs' claims against the various defendants are concerned, as to require a reversal of the judgment in plaintiffs' favor.

The alteration of a building did not necessarily involve the use of the highway for the storage of materials, as the contractors might have carried all materials directly into the building. When the contractors chose to use the sidewalk for storage purposes, their acts may have been collateral ones in the performance of the work, and the manner in which they piled the bags, which was the dangerous condition on which plaintiffs relied, was a mere detail in the performance of the work by the contractors. However, under the present circumstances, it may well be that there were issues of fact as to whether the contract contemplated that any part of the work should be done on the sidewalk. (*Wright* v. *Tudor City Twelfth Unit, Inc.*, 276 N. Y. 303.) That issue should have been left to the jury, with proper instructions. We find, however, that any error in the instructions to the jury with respect to the duty of the defendants was rendered harmless, because,

under the charge, they could not be held liable unless it was found that they had notice of the dangerous condition and failed to remedy it.

The protection afforded those who have employed an independent contractor to do work adjacent to the highway would not seem to relieve the employer, who being present and having supervision of the conduct of the work, sees and realizes that the one performing it is doing so in a negligent manner so as to increase danger to pedestrians. Failure to correct the danger created by the contractor, under such conditions, might well create liability to injured third persons, especially where the owner had notice of the existence of a nuisance in the highway. (*Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461.) A general contractor has been held liable under such circumstances for failure to correct conditions created by his subcontractor. (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166.)

An owner has been held liable for an accident on private property, where it maintained supervision of the work, acting as its own general contractor. (*Wohlfron* v. *Brooklyn Edison Co., Inc.*, 238 App. Div. 463; affd., 263 N. Y. 547.) Merola and Cerussi would plainly be liable to plaintiffs under these rules.

Although the contract between the bank and Merola did not call for supervision of the work by the bank, the evidence discloses that an agent of the bank visited the premises daily to observe the progress of the work. Under the circumstances we think it was a question of fact for the jury as to whether the bank had notice that a nuisance had been created in the highway adjacent to its property. Negligence arising from a failure to correct such nuisance after notice thereof would create liability on the owner's part. Therefore, we affirm the plaintiffs' verdict against all the defendants.

While there was no direct evidence as to who placed the bags on the sidewalk, the inference is clear that the bags were put there by the agents of New Deal, or for its use, as the pebbles were used solely in the terrazzo work which was being carried out by New Deal. New Deal had purchased these materials. At least, it was the duty of New Deal, in the first instance, to see that these bags were removed to a safe place. New Deal was, therefore, the one primarily responsible for the dangerous condition which resulted in the injuries to the infant plaintiff. The remaining defendants were liable for failure to correct the dangerous condition created by New Deal, of which they had notice.

The contract between Merola and the bank contained a clause which provided, in substance, that the owner was to be indemnified by Merola for liability imposed by law due to any act or omission of Merola, or its employees or agents, in the performance of the

work contracted for. Because of this provision, we are of the opinion that the bank was entitled to indemnification from Merola.

We are further of the opinion that the bank was entitled to indemnification under the present circumstances from New Deal, for the reason that if the bank was negligent, its negligence was only passive, and, on common-law principles, it was entitled to indemnity from the active wrongdoers.

While it is true that the provisions for indemnity contained in construction contracts do not constitute a general contract of insurance, and, therefore, would not ordinarily indemnify against one's own negligence (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36), it has also been held that such a clause will afford indemnification from an active wrongdoer to one merely passively negligent. (*Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415.)

In *Thompson-Starrett Co.* v. *Otis Elevator Co. (supra)*, where the indemnity clause was held ineffective, the parties had stipulated that the accident involved occurred *solely* by reason of the negligence of the indemnitee. The agreement there considered merely provided generally for indemnity against all claims for damages, and the court held that it did not afford indemnity for injuries sustained by the indemnitor's employees growing out of work which was not within the indemnitor's contract but was under the exclusive jurisdiction of the indemnitee.

In the present case the accident occurred in connection with the performance of work which the indemnitor contracted to perform, and the provision for indemnity was broad enough to include an obligation to indemnify from liability arising because of the negligence of subcontractors of the indemnitor.

In *Dudar* v. *Milef Realty Corp. (supra)* an agreement of indemnity had been executed running to the owner, who also acted as general contractor. The active negligence was that of the indemnitor, a subcontractor. The owner was held liable to an injured person solely for failure to warn of the danger which the subcontractor's actions created. Therefore, the indemnitor was only passively negligent. The Court of Appeals held that under such circumstances the covenant of indemnity was effective. That decision seems controlling here.

That in the present case the general contractor may not have been the one primarily negligent does not alter the case. It is only where the indemnitee is actively negligent or is the only negligent participant that it may not secure indemnification without unequivocal assumption of such liability under the terms of the contract on which it relies. The degree of the indemnitor's negligence, as distinguished from that of his subcontractors, would

not seem to be the controlling factor in a case where the covenant provides for indemnification from acts of these subcontractors. The indemnitor here was a general contractor which had assumed responsibility to the bank for the careful performance of the work. (See *Thompson-Starrett Co.* v. *Otis Elevator Co., supra,* p. 41.) Although the indemnitee would be liable to an injured third person for failure to correct a dangerous condition created by the indemnitor's subcontractors, the fact remains that the one whose acts were insured against created the danger. Unless the covenant was effective under such circumstances, it would be meaningless.

The bags of pebbles involved here were to be used by New Deal, and the inference is inescapable that New Deal's agents placed the bags on the sidewalk. In any event, it was New Deal's business to put them in a safe place. Therefore, New Deal was clearly the primary wrongdoer as between the present defendants. As such, by implication of law, it stood in the relation of an indemnitor to an owner only passively negligent. (*Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354; affd., 185 N. Y. 580; *Scott* v. *Curtis,* 195 id. 424.) Privity of contract is not essential for indemnification. The liability is said to be quasi contractual. (Woodward, Law of Quasi Contracts, § 259.)

Cerussi, the one directly supervising New Deal's work, was liable to the injured person for failure to correct the dangerous condition of which it had notice. However, it was not the primary wrongdoer and had made no express agreement to indemnify the bank. Not having created the dangerous condition, it was not required to indemnify the owner in the absence of a covenant to do so. Therefore the bank's cross-claim against Cerussi was properly dismissed.

The cross-claim of Cerussi against New Deal rested solely on common-law principles of indemnity. The proof disclosed that Cerussi was in active supervision of the work, including the receipt of some materials used for terrazzo work. While, in the absence of an express covenant, the question of New Deal's obligation to indemnify Cerussi is not free from doubt (see *Dudar* v. *Milef Realty Corp., supra*), we hold that the jury had the right under the circumstances to find that Cerussi was guilty of some degree of active negligence and for this reason Cerussi was not entitled to indemnity from New Deal.

Nor does the verdict of the jury finding each defendant " equally " guilty of negligence eliminate the right to indemnity. The jury was not instructed to determine any issue concerning active or passive, primary or secondary negligence. Without advice from the court concerning what constituted the distinguishing features

of such classifications — if, indeed, these questions of degree would ever be questions of fact — the jury's finding that all parties were equally guilty of negligence is entitled to no weight.

The issues, which were determinative of the cross-claims, appear to be solely issues of law, at least they became such after plaintiffs' right to recovery was established.

Upon plaintiffs' proof, which the jury credited, it follows that New Deal was the primary offender and the bank was only passively negligent.

For the reasons herein indicated, the trial court should have directed judgment over in favor of the bank against Merola Bros. and New Deal, and the remaining cross-claims should have been dismissed.

The judgment in favor of plaintiffs and against the defendants should be affirmed, with costs. The judgment in favor of defendants Merola and New Deal against defendant bank dismissing the cross-claims should be reversed and judgment directed for the bank on such cross-claims. Otherwise, the judgment should be affirmed.

GLENNON and UNTERMYER, JJ., concur; DORE, J., dissents and votes to affirm; MARTIN, P. J., concurs in the opinion of Mr. Justice CALLAHAN except in so far as it directs that the judgment in favor of the plaintiffs and against defendant Bank for Savings in the City of New York be affirmed, and, as to that defendant, votes to reverse the judgment and dismiss the complaint.

DORE, J. (dissenting). This action was instituted by the infant plaintiff (herein called plaintiff) for personal injuries alleged to be caused by defendants' negligence, and by his parent for loss of services and medical expenses. After three days' trial, the jury returned a unanimous verdict of $5,000 for plaintiff and $500 for his father against all four defendants who, by the terms of the verdict, were found " equally guilty of negligence." Defendants appeal.

Plaintiff, a boy of eleven, claimed that on August 18, 1936, about two P. M., while he was on the sidewalk in front of premises 320 East Eighty-third street, Manhattan, there were bags of building material, consisting of small pebbles used for terrazzo work, piled upon the sidewalk; that some of the bags were open, permitting the contents to seep or flow out upon the sidewalk; that while plaintiff was picking up some of the pebbles, one of the piled bags slipped off the pile and struck plaintiff, causing a fracture of the left tibia and injury to his left knee.

Defendant Bank for Savings, owner of the buildings contiguous to the sidewalk where the accident happened (hereinafter called owner), had employed as general contractor defendant Merola

Bros. Construction Corp. (hereinafter called general contractor) to make substantial alterations for the agreed cost of $53,446. The general contractor employed defendant Cerussi Marble & Tile Company, Inc., as subcontractor to do certain tiling, terrazzo and other work in the alteration contract. Cerussi subcontracted the terrazzo work to defendant New Deal Terrazzo Company, Inc.

Ordinarily, one who employs an independent contractor is not liable for his negligence, but an exception exists where the work within the contemplation of the parties is inherently dangerous. (*Rohlfs* v. *Weil*, 271 N. Y. 444; *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 id. 217.) A contract made by an owner of real estate with a contractor involving alterations within a building may not be, as a matter of law, a contract that necessarily involves work inherently dangerous to pedestrians on the sidewalk. Such alteration work may be carried on without piling any building material on the sidewalk. Whether danger is inherent in the work and should be reasonably anticipated is a question of fact. (*Wright* v. *Tudor City Twelfth Unit, Inc.*, 276 N. Y. 303.) Here the evidence indicates that the defendant owner knew material was placed on the sidewalk and was piled there in a way from which a jury might find that danger to persons lawfully using the sidewalk was reasonably foreseeable.

Among the exhibits at trial presented for the consideration of the jury was the alteration contract between defendant owner and general contractor, providing:

" Permits. The contractor shall obtain all permits and licenses necessary; give all legal notices and pay all fees relating to work covered herein. Such permits shall be filed with the owner's architect."

During May, 1936, the general contractor secured three permits covering a period of ninety days, authorizing the placing of materials in the gutter not more than six feet out from the curb; two such permits authorized placing building material two feet on the sidewalk adjacent to the curb. The owner's contract required that such permits be delivered to the owner's architect; there was no proof they were not so delivered; and the owner knew the material was on the sidewalk.

A police officer and plaintiff's father testified that both had seen bags piled on the sidewalk a number of days before the accident. The police officer stated that the bags had been so piled for about a week prior thereto, that they partially obstructed the sidewalk, and that several of them had broken open. William Munro, inspector for the owner, was at the premises practically every day

to see that the plans and specifications were carried out, and he " checked up on the work that was being done."

Photographs, taken by the infant's father on the day of the accident within a few hours thereafter, show many bags of building material piled upon the sidewalk in violation of the permit in that the bags were not piled within " two feet on sidewalk adjacent to curb " but much farther from the curb. This constituted a nuisance as an unauthorized obstruction of a public sidewalk. (*Mulvey* v. *City of New York*, 114 App. Div. 526.) The claimed negligence on which the case was submitted to the jury arose out of such nuisance. Both the father and the police officer testified the pictures presented a fair representation of the piled material and its situation on the sidewalk as of the time of the accident. Accordingly, they were properly received in evidence.

An officer of the general contractor was at the premises during the progress of the work, supervising it and, although he denied that the bags were piled on the sidewalk as claimed by plaintiffs, he admitted that the piling of bags, shown on plaintiffs' photographs, was " a dangerous condition."

Evidence by the bank's inspector, Mr. Munro, permits the inference that the terrazzo work, which was to be done originally by Cerussi, Inc., was started about August fourteenth or fifteenth. The general contractor said it began about August sixth. The storing of the building material on the sidewalk several days or a week before the accident gave notice of the dangerous condition to the subcontractor, Cerussi, whose officer testified on an examination before trial that he supervised the terrazzo work, though he denied this on the trial.

The New Deal Company which did the terrazzo work was, on the evidence, properly found by the jury to have begun such work prior to the date of the accident and must consequently have known of the incumbrance of the sidewalk with the building material and its alleged dangerous condition.

All of such evidence permitted an inference by the jury that the work in its progress, to the knowledge of the owner, contemplated piling the building materials in these bags upon the sidewalk; that the bags were so piled as to be dangerous to persons using the sidewalk; and that the owner and all the other defendants had actual notice of the dangerous condition and did nothing to correct it, although notice was received in time to do so. On the evidence in this record, it cannot be said that the result was so extraordinary as to be beyond the reasonable probable consequence of the negligence charged. (See Restatement of Torts, Negligence, §§ 433, 435.) The jury, sole judge of the credibility and weight of the

testimony, gave credence to the version of plaintiffs and their witnesses. The issue of liability of all defendants necessarily was a jury risk. (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166; *Delaney* v. *Philhern Realty Holding Corp.*, 280 id. 461, 467; *Rohlfs* v. *Weil*, 271 id. 444, 448.)

It is claimed that the trial court took from the jury the issue of whether the work was inherently dangerous. Considering the charge as a whole, I think the court left that issue to the jury. In its main charge the court instructed the jury that if any one causes obstruction to the sidewalk or places material on it, it is his duty to see " that it is done in such a manner that it will not unreasonably cause any injury or damage either to the pedestrian or to the person having any business upon the sidewalk;" that if the infant plaintiff by some act on his part created the opening in the bags and thereby weakened the structure within a short period of time, he could not recover; that before plaintiff could recover he must establish " that the defendants or some or all of them were guilty of negligence, that this material was maintained on the sidewalk in a negligent manner; * * * that the condition existed, that is the piling of the bags was there for such a length of time that the ones responsible for having them there and the ones who would be responsible for keeping the sidewalk reasonably safe would have an opportunity to take them away, or if they were piled in an unskillful or negligent manner, to correct the piling provided it was done by some one other than themselves;" that unless the jury found the three elements, " negligence of the defendants, freedom from contributory negligence on the part of the plaintiff, and the notice of the existence, the plaintiff cannot recover."

The owner's trial counsel asked the court to charge that the owner should not be liable unless it was guilty of an affirmative act of negligence. That was not a request to have the jury determine as an issue of fact whether under all the circumstances the work was inherently dangerous. The general contractor in its brief before this court admits the court left that issue to the jury. At trial all parties seemed to assume that. Indeed, among the very last charges made by the court to the jury, passing upon a request of the owner's counsel, was a charge that the use of the sidewalk to provide the necessary materials and the piling of the materials on the sidewalk " is not of itself negligent. It is only negligent when it is not maintained in a proper and skillful manner taking into consideration the facts and surrounding circumstances, principally if it is a public throughfare." Any error in the statement in the main charge about putting the materials on the side-

walk in a congested locality being inherently dangerous, was removed by this subsequent charge, clearly leaving the issue to the jury as an issue of fact. To that last charge the owner's counsel took an exception, thereby indicating that the court should have charged that issue as a matter of law in defendants' favor instead of leaving it to the jury, as it did, as an issue of fact.

When all the facts are considered, the court did not permit imposition of vicarious liability without any basis for it. The court explicitly charged that if plaintiff, by some act of his own, caused the opening in the bags to be created and thereby weakened the pile, and if this happened within a short period of time, he could not recover against any defendant. The court repeatedly charged that plaintiff would have to show that the material was maintained on the sidewalk by defendants in a negligent manner and that defendants must have notice of the dangerous condition for such a length of time as to enable them to correct it; and that unless the jury found defendants guilty of such negligence and notice of the existence of the condition, plaintiff could not recover. The necessity of notice was emphasized by being repeated four times in the charge. There was evidence of such notice against all defendants, including the owner whose representative inspected the work daily.

Finally, the trial court expressly instructed the jury that it should indicate which of the defendants they found guilty of negligence, and stated he was doing this because of the cross-claims of some defendants against other defendants — which he did not submit to the jury. In returning the verdict for plaintiffs, the foreman, obviously in answer to that request, explicitly stated that the jury found " all four defendants equally guilty of negligence." For this reason, I think the court correctly refused to direct any recovery over. The indemnity agreement between the general contractor and the owner was not an insurance contract and did not indemnify the owner against its own negligence. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36.) Under the evidence adduced, the owner and the general contractor were here held liable solely for failure, on notice, to correct the dangerous condition; here the general contractor was not the active wrongdoer and accordingly *Dudar* v. *Milef Realty Corp.* (258 N. Y. 415) is not controlling. Although the New Deal Company admitted delivering the terrazzo pebbles to the premises and telling the men to unload them, it denied piling the bags on the sidewalk, and there is really no proof in the record specifically showing who piled the bags on the sidewalk in the dangerous manner in which the jury found they were piled. Hence it cannot be said that the jury found that the New

Deal Terrazzo Company, Inc., was the primary, active wrongdoer. In any event the express finding that each of the defendants was " equally " guilty of negligence precluded such finding. I think, therefore, on the particular facts and the verdict herein that the trial court properly denied all application for recovery over between defendants.

The testimony and the exhibits, if accepted by the jury, support the unanimous finding that the proximate cause of the accident was the negligence of all four defendants equally causing or contributing to cause the accident and the injury. No prejudicial errors were committed in the rejection or reception of evidence. The charge when considered in its entirety is without prejudicial reversible error.

Accordingly, to the extent indicated, I dissent and vote to affirm the judgment appealed from, with costs.

Judgment in favor of the plaintiffs and against the defendants affirmed, with costs. Judgment in favor of defendants Merola Bros. Construction Corp. and New Deal Terrazzo Company, Inc., against defendant Bank for Savings in the City of New York dismissing the cross-claims reversed and judgment directed for said bank on such cross-claims. Otherwise, judgment affirmed. Settle order on notice.