CARMINE IACURTO, Appellant, *v.* FULLER OIL & COAL CORP. et al., Respondents-Appellants, et al., Defendant.

JOSEPH MENDLOWITZ et al., Third-Party Plaintiffs-Appellants, *v.* SLATTERY CONTRACTING Co., Third-Party Defendant-Respondent.

First Department, June 22, 1961.

*William J. Corcoran* of counsel (*Bernard Meyerson* with him on the brief; *Levy, Galotta & Corcoran,* attorneys), for appellant.

*Joseph Kane* of counsel (*Alexander Orr* with him on the brief; *William C. Morris,* attorney), for Fuller Oil & Coal Corp., respondent-appellant.

*Alexander E. Rosenthal* of counsel (*Irving Segal,* attorney), for Joseph Mendlowitz, appellant.

*William F. McNulty* of counsel (*J. Rhodes O'Reilly,* attorney), for Consolidated Edison Company of New York, Inc., appellant.

*Raymond C. Green* of counsel (*Harry Schechter* and *Harold Klein* with him on the brief; *Charles G. Tierney,* attorney), for Slattery Contracting Co., respondent.

BERGAN, J. On April 13, 1956 plaintiff was injured when a heavily laden coal truck owned by defendant Fuller Oil & Coal Corp. fell into a trench which was plaintiff's work site. The trench ran along the roadway of East 70th Street between First Avenue and York Avenue closer to the southerly than the northerly side of the street and was about four feet wide and four and one-half to five and one-half feet deep.

It was dug by plaintiff's employer the Slattery Contracting Co. in order to lay a 16-inch steam pipe main for defendant Consolidated Edison Company. The truck was backing up over a steel plate placed across the trench to obtain access to premises of Joseph Mendlowitz at 424–426 East 70th Street to deliver coal.

A complex of actions followed upon this occurrence. Plaintiff sued Fuller, the owner of the truck, and Consolidated Edison,

whose work was being done in the trench by Slattery, and Mendlowitz for whom the coal was being delivered; and each of the defendants in turned served third-party complaints on the plaintiff's employer Slattery, seeking liability over.

At the end of a long trial the Judge, without sending any of the issues to the jury, dismissed the complaint as to each defendant; and, accordingly, dismissed the third-party complaints against Slattery as moot. Plaintiff appeals from the dismissal of his complaint and the defendants have each taken precautionary appeals from the dismissal of the third-party complaints. We are of opinion plaintiff made out a case prima facie against Fuller; but not against Mendlowitz and Consolidated Edison; and, although this is a much closer question, that the action over against Slattery by Fuller should be reinstated.

The facts, viewed, as they must be on such an appeal as this, most favorably to the plaintiff and, in turn, to the third-party plaintiffs, are these: Mendlowitz ordered a delivery of coal from Fuller. The truck driver, arriving at the site, found the trench in front of Mendlowitz' premises. Mendlowitz arranged with Slattery to cover the trench so the coal truck could back over it and Mendlowitz' janitor told the truck driver this arrangement was being made, i.e., "I could dump the coal, because this company would put a steel plate down for me." The Slattery employees placed the steel plate over the trench. The plate was approximately 6 feet wide by 10 feet long and an inch to an inch and a quarter thick. (There is some testimony that it was about 10 to 12 feet long and 8 feet wide.) It was placed with its longer side parallel to the trench; the narrower side crossing the trench. The coal truck weighed 13 tons without load; it then carried 13 tons of coal. The driver was told by the Slattery foreman the steel plate was safe; but the driver had some reservations about it and called his company office. Then he backed the 26 tons over the plate, and as he did so "the steel plate gave way on both sides" and the truck fell into the trench where plaintiff was working with pick and shovel and he was injured. This is the view we are required to take of the facts. (*De Wald* v. *Seidenberg*, 297 N. Y. 335.)

The court at the trial seemed to be of opinion that plaintiff was himself negligent as a matter of law; that workers had been directed to get out of the trench before the plate was placed over it, and hence that plaintiff ought not to have been working in that place when the truck fell in.

There is proof that a man working in the same place as plaintiff was told "we are going to put a plate across here";

there is no proof that he was told a coal truck was going over the plate; and plaintiff himself testified he had seen the plate being put down, had been out of the trench at that time, but that he was told by the foreman "to go back" after the plate was in place. He testified further he neither saw the truck nor knew the purpose of the plate's being put there. If a jury accepted this version of the occurrence it would certainly not be required to hold plaintiff negligent for being in the trench and there seems no possible justification for treating this question as a matter of law holding plaintiff negligent.

We are of opinion, too, that Fuller as owner of the truck could be held negligent when its driver operated equipment weighing 26 tons on a steel plate having, by the version of the facts most favorable to plaintiff, a width of six feet and hence an extension of about a foot on each side over the edge of the four-foot trench.

Not only did the driver himself have considerable doubt about putting the plate to such a test as this—"I looked underneath the steel plate on both sides * * * and I didn't see any beams or any support other than just this single plate."—but when he got on it his fears were justified when the steel plate "gave way on both sides." The janitor who saw the accident testified: "The truck backs up, he hit the plate, you know, he hit the plate and right away she runs off."

All this presents a factual question of failure of due care as constituting negligence in almost classic form, i.e., whether a prudent man would have driven such a truck over such a device; and it was an issue, not for the court, but for the jury.

That the construction foreman on the job may have told the coal truck driver "that it was okay" does not, as a matter of law, absolve the latter of the imputation of negligence where it seemed apparent to anyone that there might be a serious risk of danger involved, and where the driver of the truck was himself especially conscious of the risk. After describing his inspection of the plate, the driver testified "So I didn't think it was strong enough one way or the other." Although this was stricken out by the court, and we do not necessarily hold it was admissible in this form, the driver's consciousness of danger in using the plate was surely an element for the jury to consider.

He called his office before he drove over it, he said, because "I didn't think I should take the responsibility of pulling that truck across there without calling again." Whether the driver knew or did not know plaintiff was working in the trench, is beside the point; a person takes all the legal consequences of his negligence, even if, when he is negligent, he does not foresee the

magnitude of the injury and damage that will result. Thus we reach the conclusion the complaint ought not to have been dismissed as to Fuller. (*Halvorsen* v. *W. T. Mitchell Trucking Corp.*, 242 App. Div. 686.)

Although this record shows that the Mendlowitz janitor requested Slattery to lay down the steel plate over the trench so he could get the coal delivered, he was neither sufficiently in control of the actual method used by the contractor to provide access for the truck nor so chargeable with knowledge of its insufficiency as to attribute liability to him as the adjacent property owner whose interest was being served by the device which Slattery provided; and thus we think the complaint was properly dismissed as to Mendlowitz.

Nor has defendent Consolidated Edison been shown to have played any role in the events which led to the attempt by the coal truck to cross over the trench; and the fact the trench was an incident to work being done for this defendant is alone not enough to bring a liability home to it.

Although Consolidated Edison obtained the street opening permit and under it would be responsible for dangers to public users of the street created by the work (*Schwartz* v. *Merola Bros. Constr. Corp.*, 263 App. Div. 631, 635), this trench cover was not a danger for which the permittee assumed responsibility to the general public; it was a special danger created by the contractor for a special private use; nor did the right of Consolidated in its contract with Slattery to require shoring in the trench placed according to its judgment, create a liability under the facts in this record.

The trench did not collapse because of inherent weakness; what occurred here was that a bridge over it proved insufficient for the weight involved. Finally, no liability exists here against Consolidated Edison because of a failure to provide a safe place to work or to provide sufficient bracing and shoring of trenches under Labor Law (§§ 200, 240, or 241; Rules of Bd. of Stds. and Appeals, rules 23–11.2, 23–11.5). (*Olsommer* v. *Walker & Sons*, 4 A D 2d 424, affd. 4 N Y 2d 793; *Zucchelli* v. *City Constr. Co.*, 4 N Y 2d 52; *Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Concrete Constr. Corp.*, 9 A D 2d 379.)

The judgment should be modified on the law and the facts by reversing so much thereof as dismisses the complaint against defendant Fuller Oil & Coal Corp. and as dismisses the third-party complaint of Fuller Oil & Coal Corp. defendant against Slattery Contracting Co.; and as thus modified affirmed, with costs to the plaintiff against Fuller and to Fuller against Slattery Co. to abide the event; with costs to defendants

Consolidated Edison Company of New York and Mendlowitz against plaintiff; and with costs to Slattery Contracting Co. and Mendlowitz against Consolidated Edison Company of New York. Settle order.

STEVENS, J. (dissenting in part). I agree with the majority that it cannot be said as a matter of law the plaintiff was guilty of contributory negligence. However, I would affirm the judgment on the ground that no actionable negligence has been shown as to any of the defendants in the main action.

The breach of duty and failure to use due care which occasioned the accident were acts and omissions of Slattery Contracting Co., plaintiff's employer. Accordingly, it is solely responsible for the injury of which plaintiff complains.

RABIN, J. P.., VALENTE and EAGER, JJ., concur with BERGAN, J.; STEVENS, J., dissents in part in opinion.

Judgment modified, on the law and on the facts, by reversing so much thereof as dismisses the complaint against defendant Fuller Oil & Coal Corp. and as dismisses the third-party complaint of Fuller Oil & Coal Corp. defendant against Slattery Contracting Co.; and as thus modified affirmed, with costs to the plaintiff against Fuller and to Fuller against Slattery Co. to abide the event; with costs to defendants Consolidated Edison Company of New York and Mendlowitz against plaintiff; and with costs to Slattery Contracting Co. and Mendlowitz against Consolidated Edison Company of New York. Settle order on notice.