WALTER MOORE, Respondent, *v.* CHARLES T. WILLS, INC., et al., Appellants.

(Argued February 18, 1929; decided March 19, 1929.)

*E. C. Sherwood* and *H. H. Brown* for Cnarles T. Wills, Inc., appellant. Except in exceptional circumstances, none of which was present in the case at bar, a general contractor is not responsible for the negligence of his subcontractor. And the fact, if it was a fact, that an assistant superintendent of Charles T. Wills, Inc., com-

plained when certain work " was not up to the specifications " in no wise altered the rule with respect to that defendant's responsibility. (*Hexamer* v. *Webb*, 101 N. Y. 377; *Engel* v. *Eureka Club*, 137 N. Y. 100; *Uppington* v. *City of New York*, 165 N. Y. 222; *Burke* v. *Ireland*, 166 N. Y. 305; *Parsan* v. *Johnson*, 208 N. Y. 337; *Kelly* v. *Mayor*, 11 N. Y. 432; *Herman* v. *City of Buffalo*, 214 N. Y. 316; *French* v. *Vix*, 143 N. Y. 90; *Haefelin* · v. *McDonald*, 96 App. Div. 213; *Hawke* v. *Brown*, 28 App. Div. 37; *Joyce* v. *Convent Avenue Construction Co.*, 155 App. Div. 586; *Sartirana* v. *New York County Nat. Bank*, 139 App. Div. 597; *Jacoby* v. *Browning*, 105 Misc. Rep. 312.)·

*Walter L. Glenney* for J. Kresse Co., Inc., appellant: The doctrine of *res ipsa loquitur* was not applicable against the appellant J. Kresse Co., Inc. (*Tobias* v. *Lewis*, 182 App. Div. 598; 230 N. Y. 571; *Greater New York F. Co.* v. *C. F. & P. Co.*, 97 Misc. Rep. 634.)

· *Lewis Bassiano, Albert J. Rifkind* and *Thomas T. Reilley* for respondent. Defendant J. Kresse Co., Inc., was identified. Its responsibility for the accident was duly established and the doctrine of *res ipsa loquitur* applied. (*Hughes* v. *Harbor & Suburban Building & Savings Assn.*, 131 App. Div. 185; *Hogan* v. *Manhattan R. Co.*, 149 N. Y. 23; *Volkmar* v. *Manhattan R. Co.*, 134 N. Y. 418; *Dahn* v. *Dawson*, 90 Hun, 271; 157 N. Y. 686; *Guldseth* v. *Carlin*, 19 App. Div. 588.) The general contractor was properly held liable for negligence in the exercise of superintendence and control reserved, and as the negligence of both defendants concurred, and they are liable without apportionment, there was no inconsistency in the verdict of the jury. (*Hughes* v. *Harbor & Suburban Bldg. & Savings Assn.*, 131 App. Div. 185; *Slater* v. *Mersereau*, 64 N. Y. 138; *McGlone* v. *Angus*, 248 N. Y. 197; *Flanagan* v. *Ley & Co., Inc.*, 241 N. Y. 607; *DeLee* v. *Pardy Construction Co.*, 249 N. Y.

106; *Hancock* v. *Steber*, 208 App. Div. 455; *Wold* v. *Elder*, 210 App. Div. 464; *Burd* v. *Bleischer*, 209 App. Div. 499.)

*Per Curiam.* The defendant Charles T. Wills, Inc., was the general contractor engaged in remodeling a building. The defendant J. Kresse Co., Inc., was a subcontractor engaged in concrete floor work therein. A plank fell to the street and injured the plaintiff, and for such injuries a recovery has been had against both of said defendants. The verdict against the subcontractor, J. Kresse Co., Inc., is founded upon testimony tending to establish that its employees negligently caused or permitted the plank to fall to the street. The verdict of the jury and the affirmance of the judgment by the Appellate Division conclusively established said defendant's negligence, as the testimony presented raised a clear question of fact.

The verdict against the general contractor, Charles T. Wills, Inc., was based upon the ground that it had general supervision of the work and was negligent in not properly supervising the work as it progressed. We are of the opinion that there is no evidence which justified the submission of that question to the jury. It is not suggested that the plan was not safe and proper, or that the work was not being done in a lawful way. The work being done was not intrinsically dangerous or any more hazardous than the construction of any building on a busy street. No method of doing the work has been suggested which would make for greater safety. The negligence of the subcontractor occurred while it was acting independently of the general contractor, and the general contractor was not in any way connected with the negligent act.

As a general rule a general contractor is not responsible for the negligent acts of his subcontractor. (*French* v. *Vix*, 143 N. Y. 90; *Hexamer* v. *Webb*, 101 N. Y. 377.)

The plaintiff has failed to bring the general contractor

within any exception to the general rule. The fact that the general contractor retained some limited power of general supervision for the purpose of seeing that the work was being properly done by the subcontractor, according to the plans and specifications, did not make it liable for the independent negligent act of the subcontractor. (*Uppington* v. *City of New York*, 165 N. Y. 222; *Herman* v. *City of Buffalo*, 214 N. Y. 316.)

The judgment against J. Kresse Co., Inc., should be affirmed, with costs, and the judgment of the Appellate Division and that of the Trial Term against Charles T. Wills, Inc., should be reversed, and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.