MEYER ROSENBERG, an Infant, by FREDA ROSENBERG,
His Guardian ad Litem, Appellant, *v.* LOUIS SCHWARTZ,
Respondent, Impleaded with Others.

(Argued October 13, 1932; decided November 22, 1932.)

*Sidney J. Feltenstein* and *Irwin George Robbins,* for appellant. Plaintiff made out a *prima facie* case against the defendant-respondent. (*Besner* v. *Central Trust Co.,* 230 N. Y. 357; *Jacoby* v. *Browning,* 105 Misc. Rep. 312; *Kesten* v. *Einhorn,* 232 App. Div. 144; *Koch* v. *Fox,* 71 App. Div. 288; *Boyle* v. *Robinson,* 154 App. Div. 1; *McLaughlin* v. *Eidlitz,* 50 App. Div. 518; *Lester* v. *Graham,* 157 App. Div. 651; *Pedusin* v. *Brewing Co.,* 156 App. Div. 383; *Slaviz* v. *Wadleg,* 167 App. Div. 658; *Antes* v. *Watkins,* 112 App. Div. 860.) The rule of *res ipsa loquitur* applies. (*Griffen* v. *Manice,* 166 N. Y. 188; *Uggla* v. *Brokaw,* 117 App. Div. 586; *Moore* v. *Wills,* 250 N. Y. 426; *Boyle* v. *Robinson,* 154 App. Div. 1; *Wolf* v. *American Tract,* 164 N. Y. 30; *Kesten* v. *Einhorn,* 232 App. Div. 144; *Heffernan* v. *Benkard,* 24 N. Y. Super. Ct. 432; *Ketchum* v. *Ketchum,* 116 N. Y. 422; *Antes* v. *Watkins,* 112 App. Div. 860; *Slaviz* v. *Wadleg,* 167 App. Div. 658; *Pedusin* v. *Brewing Co.,* 156 App. Div. 383; *McLaughlin* v. *Eidlitz,* 50 App. Div. 518; *Lester* v. *Graham,* 157 App. Div. 651; *Altz* v. *Lieberson,* 233 N. Y. 16; *Pluckham* v. *American Bridge,* 186 N. Y. 561; *Bohnhoff* v. *Fisher,* 210 N. Y. 172; *Hooey* v. *Airport Construction Co.,* 253 N. Y. 486; *Willy* v. *Mulledy,* 78 N. Y. 310.)

*Walter L. Glenney* for respondent. The evidence was insufficient to permit a jury to find that the absence of a toeboard was the proximate cause of the accident. (*Sandler* v. *Garrison,* 249 N. Y. 236.) No violation of section 194 of the Building Code was shown to have been a proximate cause of the accident. (*Sabbatino* v. *Roebling Construction Co.,* 136 App. Div. 218; *Egan* v. *Thompson-Starrett Co.,* 209 N. Y. 114; *Genovesia* v. *Pelham Operating Co.,* 130 App. Div. 203; *Duggan* v. *National Const. & Eng., Inc.,* 223 App. Div. 162.)

HUBBS, J. The defendant Schwartz was the general contractor engaged in building a church in Brooklyn. He sublet the brick work to Blumkin and Schular, brick

masons. At the time in question, the brick wall on one side of the church had reached a height of thirty or thirty-five feet and the masons were engaged in laying brick from a scaffold built on the outside of the wall. The scaffold was erected by extending beams from the interior of the building and placing planks thereon. The workmen stood on the planks while preparing the brick and laying them into the wall. The scaffold was not guarded in any way. There was no rail or screen as required by article 10, section 194, of the Building Code of the City of New York which reads: "All scaffolds used in connection with the erection, * * * shall be constructed in a manner to secure the safety of the workmen on them and of all persons passing under or near them. All scaffolds used on or about buildings at a height of more than twenty feet above the street or ground level, or a door, except scaffolding wholly within the interior of a building and covering the entire floor space or any room therein, shall be provided along the outer edges and ends with substantial railings or enclosures of wire mesh or other suitable material, extending at least three feet above the working platform."

There was a solid fence on the lot line on that side of the church building about four or five feet from the foundation wall. On the lot next to the building there was a small two-story frame dwelling with a yard in the rear. On the day in question, the plaintiff, a boy twelve years of age, was playing in the yard with his friend, a son of the occupant of the dwelling. They stood two or three feet from the fence on the side toward the dwelling, watching the work going on in and about the church building.

At that time there were eight men working on the scaffold, which was about two feet below the top of the wall. There were pans of cement and piles of brick on the scaffold. Some of the men were laying brick into the wall, others were bending over breaking brick in half

with trowels. Plaintiff's companion in turning around noticed a piece of brick falling from where the workmen were breaking the brick on the scaffold. He tried to warn the plaintiff, but it was too late and the brick hit him on the head, causing serious injuries.

This action is to recover the damages resulting from the injury, which it is alleged was suffered because of the defendant's negligence. At the close of the plaintiff's evidence, the trial court dismissed the complaint upon the ground that there was no evidence that some one inside the church had not thrown the brick or that boys might not have been playing in the locality. In effect it was held that the evidence did not establish *prima facie* that the brick which hit plaintiff fell from the scaffold. The evidence introduced by the plaintiff made out a *prima facie* case, and it was error to dismiss the complaint.

The scaffold was being used in violation of the provisions of section 194 of article 10 of the Building Code. It was not provided along the outer edge with a substantial inclosure extending three feet above the working platform. In fact, there was nothing along the outer edge of the platform to protect the workmen from falling or to prevent material from being knocked off.

The failure to provide a scaffold which was protected as required by the provisions of the Building Code constituted evidence of negligence, not only as to the workmen using it, but also as to persons passing under or near it. (*Martin* v. *Herzog*, 228 N. Y. 164; *Schumer* v. *Caplin*, 241 N. Y. 346.)

Whether the accident resulted from the negligent construction of the scaffold was a question of fact which should have been submitted to the jury.

The plaintiff was not a trespasser. He was where he had a legal right to be, in the yard of his friend which adjoined the lot upon which the church was being erected. The scaffold was twenty-five or thirty feet above him and a line dropped from the outer edge of the platform

would have touched the ground four or five feet in front of him.

Under the facts of this case, the evidence of the defendant's negligence created a question for the jury's consideration as to whether the failure to guard the scaffold as required by law established causal connection between the lack of guards and plaintiff's injury. The jury might reasonably have found that the plaintiff's injury was the direct result of the defendant's negligence. The plaintiff was not required to offer evidence which positively excluded every other possible cause of the accident. *(Martin* v. *Herzog, supra,* at p. 170.)

The defendant contends that the duty of guarding the scaffold did not rest upon him. The jury could have fairly found that the defendant was in control of the work and had actually directed that certain changes should be made in the scaffold. He was always present and supervised all the work being done.

An independent general contractor, who is present and sees and realizes that a subcontractor is doing his work in an unlawful and dangerous manner may be liable for an injury resulting directly to a third person from such unlawful and negligent conduct. (*Besner* v. *Central Trust Co.,* 230 N. Y. 357; *Lotocka* v. *Elevator Supplies Co.,* 246 N. Y. 295; *De Haen* v. *Rockwood Sprinkler Co.,* 258 N. Y. 350.)

The facts in this case make it an exception to the general rule that a general independent contractor is not liable for the negligent acts of a subcontractor. (*Moore* v. *Wills, Inc.,* 250 N. Y. 426.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to the appellant to abide the event.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgments reversed, etc.