W. SPENCER WRIGHT, Appellant, *v.* TUDOR CITY TWELFTH UNIT, INC., et al., Respondents, Impleaded with Another.

Argued December 1, 1937; decided January 11, 1938.

*Joseph A. Nickerson* and *Stanley D. Brown* for appellant. Washing rubber mats with soap and water on a public sidewalk and leaving them unattended in a slippery condition is inherently dangerous to pedestrians. (*Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345; *Rohlfs* v. *Weil*, 271 N. Y. 444; *Shearod* v. *41st & Park Ave. Corp.*, 254 N. Y. 618; *Reilly* v. *American Meat & Supply Co.*, 248 N. Y. 536; *Huth* v. *Woolworth & Co.*, 250 N. Y. 577.) Defendants had knowledge that the inherently dangerous work was being performed on the sidewalk. (*Cullings* v. *Goetz*, 256 N. Y. 287.) The cause of the accident was not collateral negligence in a detail of the work but the hazard which is inherent in the work. (*Hyman* v. *Barrett*, 224 N. Y. 436; *Rohlfs* v. *Weil*, 271 N. Y. 444; *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *Appel* v. *Muller*, 262 N. Y. 278.)

*H. H. Brown* and *E. C. Sherwood* for respondents. Any negligence was that of the servants of an independent contractor; and for their negligence, if any, the defendants

were not liable. (*Hyman* v. *Barrett*, 224 N. Y. 436; *Herman* v. *City of Buffalo*, 214 N. Y. 316; *Hexamer* v. *Webb*, 101 N. Y. 377; *Schneyer* v. *Leblang Realty Corp.*, 248 App. Div. 175; *Caldwell* v. *Wildenberg*, 228 App. Div. 557; *Rudger* v. *Mucklon Holding Co.*, 240 App. Div. 188; *Matter of Beach* v. *Velzy*, 238 N. Y. 100; *Moore* v. *Wills, Inc.*, 250 N. Y. 426; *Hull* v. *Littauer*, 162 N. Y. 569.) There were no facts from which a jury could legitimately infer negligence on the part of the men engaged in cleaning the mats. Nor were there any facts to justify a finding that a nuisance was being maintained. (*Lyman* v. *Village of Potsdam*, 228 N. Y. 398; *Welsh* v. *Wilson*, 101 N. Y. 254; *Toomey* v. *Hotel Chesterfield*, 261 N. Y. 647; *Cameron* v. *Purdue Realty Corp.*, 231 App. Div. 149.)

FINCH, J. The plaintiff, while proceeding lawfully along the sidewalk, slipped upon a rubber mat lying on the sidewalk and fell, breaking his right arm. The rubber mat, with other mats and runners, was being cleaned with soap and water on Forty-second street in New York city, in front of the premises owned by the defendant Tudor City Twelfth Unit, Inc., and operated and managed by the defendant Fred C. French Management Co., Inc. These mats and runners were used in the lobby of the defendant's hotel. The defendant set up as a defense to this action that those who were cleaning the mats were employees of an independent contractor. There was evidence that the defendant had instructed the independent contractor to do the cleaning of the mats between midnight and seven A. M. There was evidence, also, that this work of cleaning mats was done in the basement of the hotel on cold days and on the sidewalk on warm days, and that the work had been done in this manner for about six months. The accident occurred on December 6th.

The trial court charged that ordinarily one who employs an independent contractor is not liable for his negligence,

but that an exception exists where the work involves the creation of a dangerous situation, and it reasonably should have been anticipated that such a situation would result from the work. By this charge it was left to the jury to determine whether the work was inherently dangerous, and whether a reasonably prudent man would have anticipated that such work would be dangerous to people passing along the street. The court further charged that whether it was contemplated that this work should be done on the sidewalk was a question for the jury to determine, and in so doing they were to consider the length of time this practice had been followed and the manner in which the mats were cleaned. The judge stressed the necessity for notice, and the jury were told that it would constitute notice so as to establish responsibility if the owner knew that the work was being done in this way, either by being told or having seen it done, or if the owner should have known because of the length of time the practice had been followed. The plaintiff requested the trial court to charge a city ordinance, which provides that owners of buildings must keep the sidewalks abutting the premises free from obstructions and nuisances at all times, but when the trial court remarked that this would necessitate its charging afresh, plaintiff acquiesced in the omission. The jury returned a verdict in favor of the plaintiff. The Appellate Division reversed on the law and facts and dismissed the complaint.

The Appellate Division held that the work of cleaning the mats was not inherently dangerous, that it was a delegable duty and was being done by an independent contractor for whose negligence the defendants should not be held liable. It found, also, that proof was lacking that the defendants had notice that the work was being done on the street, and that the place where the mats were cleaned constituted a mere detail of the work.

Although it is contended that those who did the work were not independent contractors, there is sufficient

evidence to establish that fact. The general rule applies that one is not liable for the negligence of independent contractors unless danger is inherent in the work. (*Rohlfs* v. *Weil*, 271 N. Y. 444; *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217.) This means that the owner is not liable where the danger arises merely because of negligence of the independent contractor or his employees which is collateral to the work and which is not reasonably to be expected, but that he is liable where, from the nature of the work, danger is readily forseeable. "When one undertakes work in a public highway which, unless carefully done, will create conditions which are dangerous to members of the public using the highway, in the usual and ordinary manner, he is under a duty to use requisite care. That duty cannot be delegated." (*Boylhart* v. *DiMarco & Reimann, Inc., supra*, at p. 221.) Although no exception was taken to the failure to charge the applicable ordinance, it may be noted that the city, by enacting the ordinance which provides that owners, lessees, occupants or persons, in charge of buildings shall keep the sidewalks "free from obstructions * * * of every kind," recognizes that the placing of such obstructions upon the sidewalk creates conditions dangerous to pedestrians. (Sanitary Code, New York Code of Ordinances, ch. 20, art. 4, § 53.) Whether danger is inherent in the work contracted for and should be reasonably anticipated is a question dependent on the facts of each case. In the case at bar it seems clear that work which involved placing mats on sidewalks and cleaning them with soap and water involved danger to pedestrians which a jury might find to be inherent in the work and readily forseeable. The hour at which the work was done would not change the applicable principle, especially when we consider the locality, namely, so busy a street as Forty-second street, New York city.

The defendants argue that it was not necessary to do this work on the street, that it should have been done

in the basement, and that, therefore, the negligence was collateral and a mere detail of the work. But this work had been going on for six months, and there is testimony that it was done on the sidewalk on all warm days and in the basement only when it was cold. What is meant by cold becomes plain when we find the work being done on the sidewalk on the sixth of December. From this the jury could have concluded that the work was being done on the sidewalk the greater part of the time, and that the defendants must have or reasonably should have known of the place where it was being carried on. Thus there was evidence to sustain a finding by the jury that the defendants were aware that the work, which they had delegated to another, was being done in a way from which danger to the public was reasonably forseeable. The charge on this question was fair. We cannot say, as a matter of law, that cleaning of mats with soap and water on the sidewalk of Forty-second street in New York city does not, by the nature of the work, involve danger to pedestrians. We reach the same conclusion whether we regard the work as constituting a nuisance or only negligence.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Judgments reversed, etc.