BERNARD SCHWARTZ, an Infant, by DAVID SCHWARTZ, His Guardian ad Litem, et al., Respondents, v. MEROLA BROS. CONSTRUCTION CORPORATION, Appellant; BANK FOR SAVINGS IN THE CITY OF NEW YORK et al., Defendants, Appellants and Respondents, and NEW DEAL TERRAZZO COMPANY, INC., Defendant-Respondent.

Argued January 6, 1943; decided March 11, 1943.

*George J. Stacy* and *John A. Gleason* for Merola Bros. Construction Corporation, appellant.

*Olin S. Nye, Brendan C. Kelly* and *Reginald V. Spell* for Cerussi Marble & Tile Company, Inc., appellant and respondent.

*Ralph H. Terhune* and *E. C. Sherwood* for Bank for Savings in the City of New York, appellant and respondent.

*Adolph S. Ziegler, Harry H. Lipsig* and *Albert Lee Singer* for plaintiffs, respondents.

FINCH, J. The infant plaintiff was injured when bags of terrazzo pebbles, piled on the sidewalk in connection with the work of renovating a building, shifted and fell upon him. This action to recover for personal injuries and for loss of services was brought against four defendants, The Bank for Savings in the City of New York, as owner of the building, hereinafter referred to as the Bank; Merola Bros. Construction Corp., the general contractor, hereinafter referred to as Merola; Cerussi Marble & Tile Co., Inc., Merola's subcontractor, hereinafter referred to as Cerussi; and New Deal Terrazzo Company, Inc., Cerussi's subcontractor for the terrazzo work, hereinafter referred to as New Deal.

The defendant Bank cross-claimed for indemnity against the other defendants Merola, Cerussi and New Deal, and Cerussi cross-claimed over against New Deal.

Two questions are raised upon this appeal, *first,* whether there is any evidence in the record sufficient to justify the verdict in plaintiffs' favor against the four defendants, and *secondly,* whether recovery should be allowed on the aforementioned cross-claims.

Briefly stated, the facts show that the Bank entered into a contract with Merola as general contractor to renovate a build-

ing owned by the Bank and located on East 83rd street in New York City. Merola subcontracted Cerussi to do certain tiling, terrazzo and other work. Cerussi subcontracted the terrazzo work on the floors to New Deal, a specialist in that field.

The terrazzo work on the floors was started about the beginning of August, 1936; the accident to the infant plaintiff occurred on August 18th. For about a week prior to the accident, bags of terrazzo pebbles had been piled on the sidewalk in front of the building. There is evidence that these bags were piled negligently so that they would be likely to shift and fall upon passersby. Moreover, Merola had obtained permits from the city of New York to pile materials on the sidewalk and there is evidence that these bags were piled in a manner which violated the permits. There is no direct evidence as to which of the defendants piled the bags of terrazzo pebbles upon the sidewalk. These bags were ordered by New Deal and *prima facie* were to be used by New Deal. The Bank and Merola, of course, had nothing to do with terrazzo work except as Merola was the general contractor. Cerussi used terrazzo chips to make stair treads for installation in the building, but an officer of the corporation testified that these stair treads were fabricated at Cerussi's own shop. New Deal was charged with the work of laying terrazzo floors, and it was admitted that this work was done on the premises. It would appear, therefore, that bags of terrazzo pebbles were ordered by New Deal for its own use and, presumably, these were the bags that were negligently piled upon the sidewalk for a week before the accident. Thus New Deal at least was primarily responsible for the injury to the infant plaintiff.

The other three defendants, in addition to New Deal, were properly held liable to plaintiffs because there is evidence sufficient to show notice to them of the existence of the dangerous condition on the sidewalk. Under the contract between the Bank and Merola, the permits obtained by Merola from the city of New York had to be filed with the Bank's architect, so that the Bank had the opportunity of discovering that materials were being piled upon the sidewalk in violation of the permits. Merola, as the general contractor, had, as such, a duty of general superintendence of the work (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166; *Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461), and Cerussi, on his part as general contractor as against

New Deal, had subcontracted the terrazzo work to the latter. (*Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354, affd. 185 N. Y. 580; *Rosenberg* v. *Schwartz, supra.*)

The above state of facts is sufficient to establish the liability both of the owner of the building and of the contractors doing the work. It is true that an owner is not liable for the negligence of an independent general contractor unless the duty of care in performing the work is non-delegable. In other words, where the danger arises merely because of the negligence of the independent contractor or his employees, which negligence is collateral to the work and which is not reasonably to be expected, the owner cannot be held liable to a third party. But where from the nature of the work the duty of care in its performance is non-delegable and the owner is put on notice of the existence of such a dangerous condition, he may properly be held liable to a third party injured by the negligent act of a subcontractor or his employees. (*Wright* v. *Tudor City Twelfth Unit, Inc.,* 276 N. Y. 303, 307.) In the case at bar, under the instructions of the trial judge, the jury found that a dangerous condition was created upon the sidewalk in the course of the work and that the owner of the building had notice thereof. Thus the owner was properly held liable for the injuries caused to the infant plaintiff. Likewise, Merola and Cerussi have been properly held liable. In *Rosenberg* v. *Schwartz* (260 N. Y. 162, 166) it was said that "An independent general contractor, who is present and sees and realizes that a subcontractor is doing his work in an unlawful and dangerous manner, may be liable for an injury resulting directly to a third person from such unlawful and negligent conduct." In *Delaney* v. *Philhern Realty Holding Corp.* (280 N. Y. 461, 467) a general contractor was held liable for the act of his subcontractor in creating a dangerous condition on the public sidewalk, of which fact the general contractor had notice. Consequently, under well established principles, all the defendants were properly held liable on the evidence in the record. Various errors in the trial are urged by the defendants as requiring a new trial in their favor against the plaintiffs. These errors, however, were all discussed at length in the opinions of the Appellate Division and were there properly disposed of.

This brings us to the important question in the case, whether the Bank as owner of the building may recover over on its cross-claims against the other defendants.

The Bank's cross-claim against Merola is based upon a written contract of indemnity, whereas its right to recover over against the other defendants rests solely upon common law principles. With respect to its rights over against Merola, there are two questions to be determined, *first,* whether Merola is liable under the indemnity agreement for the negligent acts of a subcontractor, and *second,* whether the Bank itself is free from any active participation in causing the injury to plaintiff, which would defeat its rights under the indemnity agreement. The Bank's right to recover over against the other two defendants, namely Cerussi and New Deal, depends upon proof that they were the primary wrongdoers, and the Bank guilty only of passive negligence.

The contract of indemnity between the Bank and Merola is contained in paragraph 13 of the agreement between them and provides that " 13. Indemnification: (1) The Contractor [Merola] agrees to indemnify and save harmless the Owner against loss   *   *   *   by reason of the liability imposed by law upon the Owner for damages because of bodily injuries   *   *   *   accidentally sustained by any person or persons and/or on account of damage to property, due to any act or omission of the Contractor, his employees or agents, arising out of the work of the Contractor as contemplated under this Agreement   *   .*   *.''

The determination of whether or not the negligent acts of New Deal are covered by the above quoted indemnity agreement, depends primarily on discovering the intention of the Bank and Merola in formulating their agreement. The indemnity agreement is sufficiently broad, so that the Bank would be entitled to be indemnified by the general contractor Merola unless the Bank was guilty of active negligence. The same form of words, namely " liability imposed by law " have been held by this court to be " words of very broad significance and as used in their ordinary sense, would include the total liability imposed by law upon the plaintiff." (*Green Bus Lines, Inc.,* v. *Ocean Accident & Guaranty Corp.,* 287 N. Y. 309, 315.) In addition, the use of the word " agents " along with the use of the words " employees of the general contractor " under the circumstances in the case at bar may give ground for holding that the word " agents " includes subcontractors. If the

defendant Bank is liable to the plaintiffs in this case, such liability must be predicated upon the fact that the general contractor exceeded the authority granted to it in the permit which the general contractor was required to obtain under the contract for the use of the sidewalk in order to allow the subcontractor of the general contractor to pile material outside the barricades, thereby obstructing the sidewalk. Under such circumstances the general contractor is liable for the acts of his subcontractors. (*Rosenberg* v. *Schwartz,* 260 N. Y. 162, 166; *Delaney* v. *Philhern Realty Holding Corp.,* 280 N. Y. 461, 467.) The case at bar is not that of an indemnity agreement between a general contractor and a subcontractor, which is the situation in the two cases just cited, but the case of an owner obtaining an indemnity agreement from a general contractor. It would seem that such an indemnity agreement would be meaningless unless the parties intended that there should be some negligence on the part of the owner which, although passive, might render it liable to an injured person. The very word indemnity presupposes that the Bank has paid out money because of some fault on its part. In addition, the Appellate Division has found, upon evidence adequate to sustain such finding, that the language used in this clause 13 entitled the Bank to indemnification by Merola. Assuming, then, that the indemnity agreement reasonably protects the Bank against liability arising as in the case at bar, we come to the question whether the Bank has been guilty of active negligence so as to defeat its right of recovery. While the parties are free to contract as between themselves for the ultimate burden of liability due to negligence, yet in the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save harmless the indemnitee on account of the active negligence of the latter. In the leading case of *Thompson-Starrett Co.* v. *Otis Elevator Co.* (271 N. Y. 36), in which this principle was enunciated, it is interesting to note that the injury occurred solely through the active negligence of the indemnitee. Clearly the wording of the indemnity agreement in the case at bar is not sufficiently broad to require indemnification if the injury to the plaintiff can be charged to active negligence on the part of the Bank. In consequence the Bank cannot recover unless it is

guilty of no more than passive negligence. (*Dudar* v. *Milef Realty Co.*, 258 N. Y. 415.) As showing the presence of an intention to indemnify the owner under the circumstances in the case at bar stands the fact that, even in the absence of an indemnity agreement, the passive negligence of which the owner here stands charged would not defeat its right to indemnity. (*Scott* v. *Curtis*, 195 N. Y. 424; *Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354, affd. 185 N. Y. 580.) While it is true that the owner of a building has an affirmative non-delegable duty to protect members of the public traveling on the sidewalk (*Rohlfs* v. *Weil*, 271 N. Y. 444, *Appel* v. *Muller*, 262 N. Y. 278, 280), a long line of cases in this court, of which the two following are good examples, give indemnity against the principal wrongdoers to one less culpable although both are equally liable to a person injured. In *Scott* v. *Curtis* (*supra*), where a passerby was injured through the negligence of the employee of an independent contractor in leaving open the cover of a coal hole in the sidewalk, we held the independent contractor liable to indemnify the owner for the damage which the latter had paid to the person injured. So in the case of *Phœnix Bridge Co.* v. *Creem, supra,* where a pedestrian was injured through subcontractors leaving a pile of dirt and stones, unguarded and unlighted, upon the sidewalk in the night time, we held the general contractor entitled to indemnity over against the subcontractors, since the latter were the primary wrongdoers and the general contractor had been guilty of no more than passive negligence.

It is urged that because of the decisions in *Walters* v. *Rao Electrical Equipment Co.* (289 N. Y. 57) and *Employers' Liability Assur. Corp.* v. *Post & McCord, Inc.* (286 N. Y. 254), the defendant bank must be held guilty of active negligence. The facts in these cases are different and we do not read them as applicable to the case at bar. In a long line of cases of which *Scott* v. *Curtis* (*supra*) and *Phœnix Bridge Co.* v. *Creem* (*supra*) are examples, where the facts are entirely analagous to those in the case at bar, we held applicable the principle of indemnity. There was no attempt in *Walters* v. *Rao Electrical Equipment Co.* and *Employers Liability Assur. Corp.* v. *Post & McCord, Inc.*, (*supra*) to overrule this long line of cases and hence the last cited cases cannot be held as controlling in the case at bar.

It is urged that the verdict of the jury, finding all defendants

equally guilty of negligence, eliminates the right to an indemnity. We agree, however, with the finding of the Appellate Division that, as bearing on the cross-claims, this is entitled to no weight. While the jury were instructed at great length as to the principles of law by which they were to determine liability as between plaintiffs and the four defendants, they were given no instructions on how to determine any issues concerning the degrees of culpability as between the defendants themselves. Since they received from the court no rule of law by which to determine these latter issues, the finding of the jury, that all the defendants were equally guilty of negligence, must have been intended by the jury and be confined to the issue of liability as between the plaintiffs and these defendants. In addition there is no evidence to sustain a finding that the Bank was guilty of anything more than passive negligence.

While there is no contract of indemnity between the Bank and New Deal, the Bank is clearly entitled to indemnity against the latter upon common law principles, because the evidence shows that New Deal was one at least of the primary wrongdoers. (*Phœnix Bridge Co.* v. *Creem, supra.*)

The Bank's cross-claim against Cerussi can best be discussed in connection with Cerussi's cross-claim for indemnity against New Deal. Upon this record as it stands, the Appellate Division was correct in dismissing both cross-claims. In order to justify a recovery, the Bank was obligated to prove that Cerussi was a primary wrongdoer in conjunction with New Deal, and Cerussi, in order to recover on its cross-claim, was obligated to prove that it was no more than passively negligent while New Deal was the sole primary wrongdoer. Both the Bank and Cerussi failed to fulfill their respective burdens of proof, since upon this record it is not clear whether Cerussi was in fact actively negligent along with New Deal, or was merely passively negligent like the Bank and Merola. Under its contract Cerussi was in active supervision of the work. Consequently it may have had actual, rather than merely constructive, knowledge of the existence of a dangerous condition. Moreover, Cerussi actually worked with terrazzo pebbles in the fabrication of stair treads. There is some evidence that these stair treads were not fabricated on the job. But this evidence is not sufficient to be altogether conclusive. Since it cannot be said on this evidence

just what degree of negligence Cerussi was guilty of, the Appellate Division was correct in dismissing both the Bank's crossclaim against Cerussi and Cerussi's cross-claim against New Deal.

The judgment should be affirmed with costs to the plaintiffs-respondents Bernard Schwartz and David Schwartz.

RIPPEY, J. (dissenting). On May 13, 1936, defendant, Merola Bros. Construction Corp., entered into a written contract with the defendant, the Bank for Savings in the City of New York, for the renovation of a building owned by the defendant Bank on East 83rd street in the city of New York. The general contractor sublet the tile, marble and terrazzo floor work to the defendant, Cerussi Marble & Tile Company, Inc., and the latter sublet the terrazzo floor work to the defendant, New Deal Terrazzo Company, Inc. In connection with the performance of the contract, New Deal Terrazzo Company, Inc., procured the delivery of bags of terrazzo pebbles and other building materials and piled them on the public sidewalk in front of the Bank's building without any authority for the use of the sidewalk for that purpose.

The plaintiff, Bernard Schwartz, who was rightfully on the street, received injuries from one of the bags falling from the top of the pile and striking him and he and his father have brought this action against all the defendants to recover damages for the injuries which he thereby received. The jury found a verdict generally for plaintiffs against all of the defendants and specifically found " all four defendants equally guilty of negligence." Judgment for plaintiffs entered upon the verdict has been affirmed by the Appellate Division as to all of the defendants. Since there was ample evidence to sustain the verdict, the judgment in favor of the plaintiffs and against all of the defendants as joint tort-feasors must be affirmed.

The defendant Bank filed a cross complaint against the contractor and the subcontractors, demanding that the ultimate rights of the Bank and the co-defendants as between themselves be determined in this action pursuant to section 264 of the Civil Practice Act and that the defendant Bank have judgment over against all of the co-defendants for the amount of any verdict or judgment which might be obtained by the plaintiffs against the

defendant Bank. Upon the special finding of the jury that all of the defendants were equally guilty of negligence, the trial term dismissed the cross complaint of the defendant Bank. Upon appeal the Appellate Division reversed the judgment of the trial court in so far as it dismissed the cross complaint of the Bank against the defendants Merola Bros. Construction Corp. and New Deal Terrazzo Company, Inc., upon the law and the facts and directed judgment in favor of the Bank against those two co-defendants but affirmed the judgment of the trial court in dismissing the cross complaint of the Bank against the defendant Cerussi Marble & Tile Company, Inc.

The Bank claims that if it is liable to plaintiffs for damages it may recover over against the general contractor by virtue of an indemnity clause in its contract which reads as follows: '' The Contractor agrees to indemnify and save harmless the Owner against loss and/or expense by reason of the liability imposed by law upon the Owner for damages because of bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons and/or on account of damage to property, due to any act or omission of the Contractor, his employees or agents, arising out of the work of the contractor as contemplated under this Agreement, * * *.'' That clause contains no statement that the general contractor will indemnify the Bank against the Bank's own negligence and is consequently not effective for that purpose (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36).

It is urged that the Bank may recover over against the subcontractors on the ground that the accident was caused through the '' active '' negligence of one or both of such subcontractors and that the Bank's liability arose only by virtue of '' passive '' negligence. At the outset it may be said that the relative responsibility of the Bank and the subcontractors was properly determined by the jury as a question of fact when they found '' all four defendants equally guilty of negligence.'' Whether, upon evidence, a duty owing by one person to another is so violated that the former must respond to the latter in damages for negligence is a question of fact for the jury (*Curtis* v. *Rochester & Syracuse R. R. Co.*, 18 N. Y. 534; *Employers' Liability Assur. Corp.* v. *Post & McCord, Inc.*, 286 N. Y. 254, 264).

One may negligently cause or permit a missile to fall on a man's head and injure him or he may sit by and negligently omit to provide some required statutory safeguard against the missile falling through the negligence of another. Where the negligence of each is a competent, concurring, producing cause of the injury without which the injury could not have happened, liability may be imposed upon both equally (*Walters* v. *Rao Electrical Equipment Co.*, 289 N. Y. 57).

The Bank's liability is predicated upon the fact, as found by the jury, that the material was stored and piled on the public street in front of its building in connection with the performance of the contract for the renovation of its building for a substantial period of time before the accident after due notice to the Bank of that fact and knowledge on its part that the street was being used for that purpose without authorization either from the city or by statute or other legislative act. Any unauthorized obstruction of the sidewalk of a public street constitutes a nuisance (*Callanan* v. *Gilman*, 107 N. Y. 360, 365; *O'Neill* v. *City of Port Jervis*, 253 N. Y. 423, 428). The Bank was liable in the first instance since it permitted the creation and maintenance of the public nuisance (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166; *Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461). No higher degree of care could be imposed on any person than that imposed on the defendant Bank. With full knowledge and notice of the dangerous obstruction of the public street, the Bank not only did nothing to remove it but knowingly permitted it to remain. Whether the Bank originally created the nuisance is immaterial to its responsibility and does not affect the degree of care imposed upon it. The duty of the Bank not to create a dangerous nuisance on the public street and the duty not knowingly to permit one created by a person with whom it had contracted to repair its premises to be maintained in front of its premises are the same. In either case its duty is primary, active and non-delegable.

The Appellate Division erroneously reversed the judgment of the trial term dismissing the cross complaint of the defendant, Bank against defendants Merola Bros. Construction Corp. and the New Deal Terrazzo Company, Inc., and directed judgment in favor of the said Bank against both these defendants. Since the reversal as between those defendants was upon the law and

the facts, the judgment of the Appellate Division, in so far as it reversed the judgment of the trial term in dismissing the cross complaint of the defendant Bank and directed judgment in its favor, should be reversed and a new trial granted on the cross complaint against those defendants, with costs to abide the event. The judgment appealed from should otherwise be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN and DESMOND, JJ., concur with FINCH, J.; RIPPEY, J., dissents in opinion in which LEWIS and CONWAY, JJ., concur.

Judgment affirmed, etc.