ROSE GIOSCIA, as Administratrix of the Estate of VITO R. GIOSCIA, Deceased, Plaintiff, v. WEYERHAEUSER STEAMSHIP COMPANY, Respondent, and UNION STEVEDORING CORPORATION, Impleaded Defendant, Appellant.— The impleaded defendant, Union Stevedoring Corporation, appeals from an order denying its motion to dismiss the complaint of respondent Weyerhaeuser Steamship Company. The pleadings reveal that under the several different allegations of negligence made by the plaintiff the respondent might be found either to have

been actively negligent, in which case it would not be entitled to indemnity and would be unable to implead another defendant who might also have been actively negligent (*Scott* v. *Curtis*, 195 N. Y. 424; *Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145), or to have been guilty of no active negligence, in which case the negligence of the independent contractor, under the facts of this case, would be a complete defense, and so the respondent would be freed of all liability (*The Teno*, 47 F. 2d 197). Respondent, therefore, may not seek to implead another defendant merely in place of itself. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305, 308.) While subdivision 2 of section 193 of the Civil Practice Act, was designed to avoid a multiplicity of suits, there must exist in the first instance a possible liability on the part of the original defendant for which the defendant sought to be impleaded is primarily at fault. The order is reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the complaint of defendant Weyerhaeuser Steamship Company is granted, with ten dollars costs. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur.