MARION WISCHNIE, as Administratrix of the Estate of ALEX WISCHNIE, Deceased, Plaintiff, *v.* MARTIN DORSCH et al., Copartners under the Name of ARMOR ELEVATOR COMPANY, et al., Defendants; BROOKMAN REALTY CORPORATION, Defendant-Appellant, and PREMIER LINEN SUPPLY & LAUNDRY SERVICE, INC., Impleaded Defendant-Respondent.

Order affirmed, with twenty dollars costs and disbursements. No opinion.

CALLAHAN, J. (dissenting). This action was brought by plaintiff against appellant, Brookman Realty Corporation, to recover damages for the death of plaintiff's intestate as the result of injuries received in the fall of a freight elevator in a business building situated in the city of New York, and owned in fee by appellant.

The amended complaint alleged that the premises were a tenant-factory building as defined by the Labor Law of the State of New York, and that appellant was negligent in failing to repair the elevator and to maintain it in a safe condition, in violation of the duty cast upon appellant by sections 255 and 316 of the Labor Law.

Appellant impleaded respondent, Premier Linen Supply & Laundry Service, Inc., which was the lessee in sole possession and control of the entire building under a long term lease, and served a cross complaint which the court at Special Term has dismissed as insufficient in law. This court is about to affirm the order of dismissal.

The cross complaint alleges that, under the terms of the lease, respondent, as lessee, had agreed to put and keep the premises in good order and repair — more particularly the elevators in said building — and had further agreed that it

would properly comply with all statutes and ordinances applicable to the premises, including orders for structural changes. The cross complaint further alleges that any damages which the plaintiff might recover against appellant would have been brought about solely by reason of the negligence of the lessee, and by reason of the breach by said lessee of its covenants above referred to, and without any negligence on the part of appellant.

Section 316 of the Labor Law relates to the duties of owners and occupiers of tenant-factory buildings. It provides in subdivision 2 thereof that the owner of such a building, whether or not he occupies the same, shall be responsible for the observance of certain provisions of the law (including those found in section 255 thereof), "anything in any lease to the contrary notwithstanding."

Section 316 also provides that tenants shall be responsible for the observation of the provisions of section 255 within their respective holdings.

Section 255 relates to the safe maintenance of elevators and hoistways.

Special Term based its dismissal of the cross complaint upon the authority of *Semanchuck* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412). In my opinion, neither that case, nor the earlier case of *Walters* v. *Rao Electrical Equipment Co.* (289 N. Y. 57) which the *Semanchuck* case followed, enunciates any rule of law which renders the present cross complaint insufficient. The cases referred to merely expressed rules of construction to be applied in the interpretation of certain indemnity clauses found in building contracts, which provided that the contractors would save the owners harmless "from liability resulting from any action or operation of the contract." In the cases referred to, the owners were active participants in the construction work. The decisions held that, as the intention to provide indemnity to an owner from his own active negligence must be unequivocally expressed, the courts would not interpret the general language above quoted as showing an intention on the part of the contractor to provide indemnity where the injury arose from a breach by the owner of a nondelegable duty arising under the Labor Law. It was held that a clause of the general nature referred to above revealed no intention to extend the liability of the contractor beyond indemnification for the acts of his own employees.

The decisions in the *Semanchuck* and *Walters* cases (*supra*) had followed trials of the respective actions in which they were rendered, upon which trials it had been determined that the owner and the contractor had both been guilty of negligence on the performance of the work. In the present case, we are dealing solely with a pleading which alleges that any negligence was that of the lessee. But, even if we assume, in view of the facts alleged in plaintiff's complaint and the statutes relied on by plaintiff, that a situation exists here wherein any recovery by plaintiff would be based upon the active, primary negligence of appellant, in that it involved the violation of a nondelegable statutory duty, I fail to see why such circumstances would deprive appellant, as between itself and its lessee, of the benefit of the covenants found in the lease. We are dealing with a situation where appellant had entirely severed itself from control of the premises under a lease containing covenants that the lessee would repair the elevator, and comply with all statutory requirements relating to the premises. No room is left for judicial construction concerning the extent or meaning of such covenants. They constitute a plain contractual obligation on the part of a lessee taking premises for a long term of years to comply with all statutory requirements affecting the same, without exception or distinction between requirements placed by law on the lessor and those so placed on the lessee. The situation covered by the agreement was not one where both parties had employees

in and about construction work, or where they were attempting to divide the tasks involved therein, therefore, the covenants spoke without relation to any question of degree of negligence of the contracting parties, i.e., whether primary or secondary, active or passive, insofar as claims of injured third persons were concerned.

Accordingly, unless the statutes (Labor Law, §§ 255, 316) express a rule of public policy which prohibits a lessee from agreeing with a lessor to comply with the lessor's nondelegable duties to third persons, the cross complaint would appear to state a cause of action. As I construe these statutes, they do not intend to impose any restrictions against an owner and lessee agreeing as between themselves who would make repairs of leased premises and comply with statutory directions as to same, nor against the right of the lessor of securing indemnity from a lessee from civil liability based on the lessor's violations of such statutory requirements, provided proper language is used in a lease to show the intention of the parties. Although the Labor Law does impose upon the owner a nondelegable duty to repair the elevators of a tenant-factory building despite any contrary provisions of a lease, this apparently refers solely to the owner's liability to injured third persons. As between lessor and lessee, there is no legislative prohibition forbidding the lessee from agreeing to assume the burden of complying with the lessor's obligations. Here the parties so agreed, and without using the term "indemnity", they, in effect, provided for same by making the lessee liable for breach of such covenant.

The views expressed by the Court of Appeals in *Schwartz* v. *Merola Bros. Construction Corp.* (290 N. Y. 145) indicate that the *Semanchuck* and *Walters* cases (*supra*) did not intend to alter any settled rules of law relating to the right of indemnity. Furthermore, in the *Semanchuck* case the Court of Appeals said (p. 422) : "We are agreed that, nonetheless, in the *Schwartz* case the court decided that the rule applied in the *Walters* case should not be extended into the field where indemnity is claimed against liability arising from failure to perform a nondelegable duty not arising under the Labor Law, in construction and demolition work."

Despite the limitation thus expressed in the *Semanchuck* case, the present holding would extend the rule of the *Walters* case beyond contracts involving construction and demolition work, and into the field of leases of existing buildings, so as to render unenforcible a plain covenant between lessor and lessee with respect to the care of a leased building, merely because a violation of a nondelegable statutory duty of the lessor to some third person is involved. There does not appear to me to be any public policy nor controlling precedent requiring such a drastic interference with the right of contract.

The cross complaint appears sufficient on its face (see Civ. Prac. Act, § 193, subd. 2), and the order dismissing it should be reversed and the motion denied.

Martin, P. J., Dore and Cohn, JJ., concur in decision; Callahan, J., dissents in opinion in which Untermyer, J., concurs.

Order affirmed, with twenty dollars costs and disbursements. No opinion.