### GUCCIARDI v. CHISHOLM et al.

#### No. 46.

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1944.

Jacob Rassner, of New York City, for appellant.

Duncan & Mount, of New York City (J. Roger Carroll, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an action for personal injuries brought by the plaintiff, a seaman, against Hugh J. Chisholm, owner of the yacht Aras, and Brewer Dry Dock Company, owner of a dry dock in which the vessel was undergoing repairs and alterations at the time the plaintiff sustained his injuries. The action was discontinued against Chisholm. For brevity the corporate defendant, against

whom the case proceeded, will be referred to as Brewer. The complaint alleged that the plaintiff was injured when he fell from a scaffold on which he was at work scaling the exterior of the hull of the yacht; that Brewer was in control of the dry dock and of the repair work going on upon and about the vessel, which required the use of scaffolds; that Brewer had control and supervision of all scaffolds used in such work, and caused and permitted a certain scaffold to be tied to a portion of the vessel in such a manner as to make it dangerous and insecure for the purpose intended; that plaintiff was free from fault and his fall was caused by Brewer's negligence in failing to provide him with a safe place to work; in causing and permitting the scaffold from which he fell to be tied in an insecure and unusual manner; and further that Brewer was "otherwise careless, reckless and negligent in the premises." These allegations were denied in Brewer's answer. Thereafter a motion was made for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing the complaint on the ground that there was no genuine issue as to any material fact and the defendant was entitled to judgment as a matter of law. From the order granting this motion and from the judgment entered thereon the plaintiff has appealed.

The motion was supported by an affidavit by Hugh M. Thon, superintendent of Brewer's shipyard, a transcript of the plaintiff's testimony upon his examination before trial, and an affidavit by Brewer's attorney with respect to a deposition of foreman Pesce, under whose supervision the plaintiff worked. An affidavit by the plaintiff was read in opposition to the motion. From the motion papers the following facts appeared: The yacht was to be converted into a naval auxiliary vessel and Brewer had contracted with the United States Navy to do the work of conversion in accordance with the Navy's plans and specifications. Brewer had sublet to Union Engineering Corporation, an independent contractor, the work of scaling and painting the exterior of the hull. The plaintiff was employed by Union and was engaged in its work when the accident occurred which caused his fall. He was standing upon a heavy plank which was hung as a scaffold from the ship's rail over her starboard side toward the bow. To keep the scaffold close to the ship's side a rope was led from each end of the plank through an open porthole and tied to the ringbolt intended for use in holding the port closed. On the day of the accident the ringbolt to which the forward line was tied broke, causing the scaffold to spring suddenly away from the vessel's side and the plaintiff to fall. The plank and ropes used in rigging the scaffold were furnished by Union and the rigging was done by the plaintiff and a fellow employee under the direction of Union's foreman. Upon these facts the District Judge was of opinion that if the injury resulted from negligence, it was Union's negligence, not Brewer's, and that under New York law a general contractor, exercising only limited supervision and control for the purpose of seeing that the subcontractor's work complied with the plans and specifications, is not liable for the subcontractor's negligence.

That this is a correct statement of the New York rule usually applicable between a general contractor and his subcontractor cannot be doubted. Moore v. Charles T. Wills, Inc., 250 N.Y. 426, 165 N.E. 835; Ahbol v. Harden Contracting Co., 265 N.Y. 564, 565, 193 N.E. 322. The rule, however, is not without exceptions. Rosenberg v. Schwartz, 260 N.Y. 162, 166, 183 N.E. 282; see also De Haen v. Rockwood Sprinkler Co., 258 N.Y. 350, 179 N.E. 764; Wright v. Tudor City Twelfth Unit, Inc., 276 N.Y. 303, 12 N.E.2d 307, 115 A.L.R. 962; Schwartz v. Merola Bros. Construction Co., 290 N.Y. 145, 48 N.E.2d 299. In the case at bar we are not convinced that the general rule is so clearly applicable as to warrant a summary judgment for the defendant.

 Although one of the charges of negligence in the complaint was that the defendant caused the scaffold "to be tied in an insecure and unusual manner", the plaintiff swore in his examination before trial that it was tied up in "the usual way". We must accept this as the tender of a substantial issue of fact, if it is a relevant issue. We believe it is. Brewer had control and custody of the vessel. If it was customary to use the ringbolt of the dead light of a porthole to fasten a line holding such a scaffold in toward the vessel's side, we think Brewer might be held to have furnished it to the subcontractor for that purpose and, if the ringbolt was not suitable for the purpose or was defective, to have been negligent in so furnishing it. Plaintiff's opposing affidavit states that the ringbolt was "defective" and that the scaffold was tied "under the direction of the de-

fendant and with its knowledge, acquiescence and consent". While it is shown that Brewer had nothing to do with the initial rigging of the scaffold, the affidavit of Mr. Thon, Brewer's superintendent, does not deny knowledge of the use being made of it; nor is there anything in the moving papers to show the nature of the alleged defect in the ringbolt. It is well settled that when a shipowner or charterer in exclusive control and possession of a vessel furnishes gear for use by an independent contractor, he is under a duty to use care to furnish safe appliances, provided they are used in the contemplated manner. The Spokane, 2 Cir., 294 F. 242, 245; Liverani v. John T. Clark & Son, 231 N.Y. 178, 131 N.E. 881; Peloso v. City of New York, 210 App.Div. 265, 205 N.Y.S. 606. While the independent contractor may himself be guilty of negligence if he permits the use of obviously defective gear, he may to some extent rely upon the duty of the shipowner to furnish initially safe appliances. Liverani case, supra, 231 N.Y. page 181, 131 N.E. 881; Luckenbach S. S. Co. v. Buzynski, 5 Cir., 19 F.2d 871, 873, reversed on another point, 277 U.S. 226, 48 S.Ct. 440, 72 L.Ed. 865; Port of New York Stevedoring Corp. v. Castagna, 2 Cir., 280 F. 618, 620, certiorari denied 258 U.S. 631, 42 S.Ct. 463, 66 L.Ed. 801. A general contractor having control and custody of a vessel undergoing repairs would seem to be in a position analogous to that of an owner. Under such circumstances he is not necessarily relieved from liability which, though created by a subcontractor, he passively or actively permits to exist. See Wilson v. Hibbert, 3 Cir., 194 F. 838, 841; Murch Bros. Construction Co. v. Johnson, 6 Cir., 203 F. 1, 4; Schwartz v. Merola Bros. Construction Co., 290 N.Y. 145, 151, 152, 48 N.E.2d 299. Without knowledge of the nature of the defect which is alleged to have caused the ringbolt to give way and confronted with the assertion that the scaffolding was rigged in the customary manner, we cannot hold that there is no possibility of proving negligence on Brewer's part in knowingly permitting the ringbolt to be used as it was. However improbable it may seem that the plaintiff can prove that it is customary to tie up a scaffold in such a manner, this is an issue of fact which might result in a finding of negligence on the part of the defendant. We think the plaintiff was entitled to a trial on this theory.

Judgment reversed and cause remanded.