John J. Flynn, J.
The plaintiffs Avere cement masons employed by the third-party defendants Brennan & Sloan, Inc., and Knickerbocker Construction Corp., a joint venture. Their claims arise out of the collapse of two sections of the concrete at the Coliseum on May 9, 1955. The defendants in the action *806 brought on behalf of the cement masons are the Triborough Bridge and Tunnel Authority, owner of the building under construction, its architects, Leon Levy and Lionel Levy, and supervising engineer Jacob Feld; and the general contractor, Walsh Construction Company, George A. Fuller Company, Slattery Contracting Company, a joint venture.
The plaintiffs’ theory of action against the defendants is that they failed to provide a safe place to work and thus violated a statutory duty (Labor Law, § 200). This claim is founded on conferences at which the defendants discussed the type of shoring to be used for the concrete work to be done on the building, and that that type of shoring was not used; and that the defendants, in effect, created an operating committee to supervise and direct the job and, in fact, did supervise the construction.
The proof establishes and I find that there was double-tier shoring under the exhibition floor, which subsequently collapsed, and that certain points and joints should have been more stable. It is uncontroverted that this shoring was the work of the plaintiffs’ employer, the sub-contractor and third-party defendant.
The situation is similar to that in Zucchelli v. City Constr. Co. (4 N Y 2d 52) and in Broderick v. Cauldwell-Wingate Co. (301 N. Y. 182); in the former ease the court said, in part, as follows (p. 56): “ All this was part of Garrick’s sub-contract, all persons involved were Garrick’s employees and the planking, forms, etc., were parts of Garrick’s equipment and plant on the job. The owner and agent are, therefore, immune from liability under settled rules.” And in the Broderick case the court said, in part, as follows (p. 187): “At common law a general contractor is not responsible for the independent negligent act of his subcontractor (French v. Vix, 143 N. Y. 90; Hexamer v. Webb, 101 N. Y. 377), and it is true that the mere retention of the power of general supervision to see that the over-all work proceeds properly and to co-ordinate the actions of several subcontractors on the site will not ordinarily cast him in damages for the negligence of any of the latter (Moore v. Charles T. Wills, Inc., 250 N. Y. 426; Ahbol v. Harden Contr. Co., 265 N. Y. 564). Nor is the general contractor obliged to protect employees of his subcontractors against the negligence of his employer or that of a fellow servant (Iacono v. Frank & Frank Contr. Co., 259 N. Y. 377).”
Whatever doubt that existed in the applicable law has been removed by the dissenting opinion of Mr. Justice Fboessel in the Zucchelli case (supra), wherein he stated (p. 59): “ Despite *807 the obligations of the general contractor under the plans and specifications as previously outlined, its duty to inspect, to check, to give approval and to exercise supervision and general control, and the highly dangerous condition of which the trial court found it had notice, under the prevailing opinion it is being absolved from all liability — apart from the concession — not only to the 12 plaintiffs whose place of work was the temporary fifth floor aforesaid, but the additional plaintiff who was injured while on the completed third floor. In our view, such a holding is unduly restrictive of the liability of owners and general contractors.”
Finding no liability on the part of the owner, general contractor or other defendants, I find for the defendants against the plaintiffs G-iganti W. Costa, Vincent Briggi, Angelo B. Zanussi, John Guglielmetti, James Goinski and Alfred Mentrasti; dismiss the complaints against the defendants, with costs, dismiss the cross complaints between the defendants, each with costs, and dismiss the third-party complaints of Triborough Bridge and Tunnel Authority and Walsh-FullerSlattery, coventurers, and Leon Levy, Lionel Levy and Jacob Feld, with costs.
All motions on which decision was reserved are disposed of so as to comply with the judgments granted.
Settle findings of fact and conclusions of law.