Breitel, J.
(dissenting in part). Decedent, a business invitee, sustained fatal injuries when a service station car lift, in process of installation, rose and snapped a restraining chain which struck decedent. The lift rose because of an air leak in a defective air valve serving only the new lift to be installed. In order to use an old lift the employee- of the service station, after checking with his superior, had turned on the air compressor which served both lifts. The air compressor in serving the old lift fed air also to the new lift through the defective air valve causing it to rise and snap the restraining chain.
The issue upon which there is disagreement in the court is whether the verdict and judgment against the service station owner should be affirmed. There is no disagreement with respect to the other defendant thus far held liable to plaintiff administratrix.
The service station owner was properly held liable for two reasons. The first is based upon evidence of negligence and the second is based upon the owner’s responsibility to third parties for negligent performance on its premises of work of an inherently or intrinsically dangerous character.
On the first ground: The lift installer, defendant Manion, testified that the air compressor was turned off by him a few hours before the accident because he and his men were working on linking up the two lifts, the old and the new, to the common air source. Leaving the premises temporarily, he tied a rope *168 around the defective air valve to indicate that it was not to be used. He also testified that the day before and again on the morning of the accident he had told the service station people that the- old lift could not be used as he was interrupting the air supply. The service station employee testified that he sought to use the old lift and that he would not turn on the air compressor when he found it in the ‘ ‘ off ” position until his superior first told him to do so. This sufficed to create an issue of fact whether the service station people had been told not to use the air compressor (as distinguished from the tied air valve), and, therefore, the old lift, that day, and that its employees so understood the instructions. The jury, of course, by its general verdict resolved that issue in favor of plaintiff administratrix.
On the second ground: There was testimony that the installation -of a car lift involved various dangers in connection with which detailed safety instructions were issued by the. manufacturer and were available to the contractor. The trial court submitted to the jury the issue as one of fact whether the work was inherently or intrinsically dangerous, in which event the service station owner would be liable for the negligence of Manion, the independent contractor, who was installing the new lift.
Restatement, Torts, Second, states the rule applicable to the vicarious liability of an owner for work done by an independent contractor involving special dangers: ‘ ‘ One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for-physical harm caused to such others by the contractor’s failure to take reasonable precautions against such danger.” (§427.)
The rule to be applicable does not require that the work be “highly dangerous ” (Comment c), and is not to be confused with the rule applicable to work involving ‘ ‘ abnormally dangerous activity” (id. at § 427A). (To similar effect, see Prosser, Torts [3d ed.], § 70, pp. 484-486; 27 Am. Jur., Independent Contractors, § 39; 57 C. J. S., Master and Servant, § 590, subd. b.) The law of New York is the same; see Besner v. Central Trust *169 Co. (230 N. Y. 357, 362), involving the replacement of doors on a freight elevator while the elevator was, at the owner’s request, kept in use; Rohlfs v. Weil (271 N. Y. 444, 448), involving insecurely fastened scaffolding which fell (28 N. Y. Jur., Independent Contractors, § 25).
The issue is generally one of fact to be determined by the fact-finder (Wright v. Tudor City Twelfth Unit, 276 N. Y. 303, 307; Krauthamer v. 443-4th Ave. Corp., 2 A D 2d 699; cf. Schwarts v. Merola Bros. Constr. Corp., 290 N. Y. 145, 152).
Thus, the principle involved is that of nondelegable duty, the service station owner’s responsibility being vicarious and not depending upon evidence of its own negligence.
Accordingly, the order of the Appellate Division should be affirmed in all respects.
Chief Judge Fuld and Judges Van Voorhis, Scileppi and Bergan concur with Judge Keating; Judge Breitel dissents, in part, and votes to affirm in an opinion in which Judge Burke concurs.
Order modified by dismissing the complaint against Smith, with costs to defendant Smith against plaintiff, and, as so modified, affirmed, with costs to plaintiff and defendant, Joyce Cridland Company, against Manion.