■ TOM RUFRANO et al., Appellants, v ATLANTIC TOWERS ORGANIZATION, INC., et al., Defendants, and AMERADA HESS CORP., Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Dowd, J.), dated November 18, 1987, as granted the cross motion of the defendant Amerada Hess Corp. for summary judgment dismissing the complaint insofar as asserted against it, and (2) so much of an order of the same

court dated May 6, 1988 as, upon granting reargument, adhered to that part of the original determination which dismissed the complaint insofar as asserted against Amerada Hess Corp.

Ordered that the appeal from the order dated November 18, 1987, is dismissed, as the portion of the order appealed from was superseded by the order made on reargument; and it is further,

Ordered that the order dated May 6, 1988 is reversed insofar as appealed from, and that branch of the cross motion of the defendant Amerada Hess which was for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,

Ordered that the order dated November 18, 1987 is amended accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiffs commenced this action against the defendants Atlantic Towers Organization, Inc. and J.A. Green Construction Corp., the owners of adjacent apartment buildings, after the plaintiff Tom Rufrano was injured when he allegedly slipped and fell due to an oily substance located on the ground in the alleyway between the two buildings. These defendants then instituted a third-party action against the Amerada Hess Corp. (hereinafter Amerada Hess), alleging that the accident was due to its negligent delivery of oil to the premises. After the plaintiffs amended their complaint to include a direct cause of action against Amerada Hess, that defendant moved for summary judgment contending that it was not liable because M.B. Trucking, its contractually authorized carrier which had actually made the deliveries, was an independent contractor.

After reviewing the contract between Amerada Hess and M.B. Trucking, the relationship of the parties with each other, the nature of the work and other relevant circumstances insofar as revealed by the record, we find there is a question of fact presented as to whether the trucker was an employee or an independent contractor (*Felice v St. Agnes Hosp.*, 65 AD2d 388, 396). This is especially so since the deposition of the trucker has not yet been conducted.

Further, even assuming that Amerada Hess is correct, it is not necessarily protected by the general rule that a principal is not liable for the torts of its independent contractor (*see, Feliberty v Damon*, 72 NY2d 112, 118). " '[I]nherently dangerous' " work is an exception to the general rule (*McDon-*

*ald v Shell Oil Co.,* 20 NY2d 160, 166). There are questions of fact concerning the hazardous nature of the oil deliveries made in the alleyway and the foreseeability of injuries resulting therefrom which preclude summary judgment *(see, Wright v Tudor City Twelfth Unit,* 276 NY 303).

In view of the foregoing, we need not review the plaintiffs' other contentions. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.